GOLDING BROS. CO., INC. *v.* UNITED STATES (No. 3621)[1]

*Siegel & Mandell (Samuel T. Siegel* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. Canty,* special attorney, of counsel), for the United States.

[Oral argument December 11, 1933, by Mr. Samuel T. Siegel and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the First Division of the United States Customs Court, one judge dissenting, affirming the judgment of a single judge, sitting in reappraisement, sustaining the action of the local appraiser in appraising the imported merchandise at United States value.

It is insisted by appellant that a foreign value was proven and that such foreign value is the correct dutiable value.

The proceeding is under the Tariff Act of 1930.

The merchandise consists of colored cotton cloth (ticking) of a quality known as "Commodore," exported from Belgium on September 1, 1931, and entered at the port of New York on September 16, 1931.

It seems to have been mutually agreed from the beginning that there was no question of export value involved.

It will be borne in mind that the Tariff Act of 1930, following in terms the Tariff Act of 1922, provides that the dutiable value of imported merchandise shall be the foreign or export value, whichever is higher, and that if the appraiser determines that neither foreign nor export value can be satisfactorily ascertained, then the United States value, if satisfactorily ascertainable, shall be the dutiable value. In these respects and in respect to the definitions of the terms "export value," "foreign value," and "United States value," the Tariff Act of 1930 is substantially the same as the Tariff Act of 1922.

The Tariff Act of 1930, however, contains as a part of section 501 thereof, a provision, new to customs legislation, which reads:

\* \* \* The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

One effect of this new provision is to change materially the situation relating to appeals to reappraisement, in that, under the Tariff Act of 1922, the proceedings before a single judge of the United States Customs Court, sitting in reappraisement, were proceedings *de novo,* with no presumption of the correctness of the local appraiser's

appraisement to be overcome, whereas under the Tariff Act of 1930 there is a presumption of correctness and the burden of overcoming this presumption is cast upon the appealing party.

In the instant case, therefore, when the local appraiser rejected the value at which the importer entered the merchandise, and held the United States value to be the dutiable value, the presumption attached that he had found neither foreign nor export value to be satisfactorily ascertainable and also that he had found United States value to be satisfactorily ascertainable.

In other words, the presumption of correctness legally implies that the local appraiser made findings as to all the elements requisite to determine that United States value was the correct dutiable value and, in the trial before the single judge, sitting in reappraisement, the burden rested upon the importer to overcome the presumption by proofs upon all the material elements necessary to establish a foreign value.

Appellant, seeking to establish such foreign value, assumed that burden and at the trial before the single judge, sitting in reappraisement, introduced, over the objection of Government counsel, an affidavit (with certain invoices as exhibits thereto) of Eugene Bekaert, one of the partners of the firm which sold the goods to the importer. The Government introduced, over the objection of importer's counsel, three reports of special agents of the Treasury Department, who made certain investigations in Belgium, proceeding apparently along the usual lines followed in such investigations. The documents so introduced by the respective parties constitute the only evidence presented in the case.

It was contended by the importer, and is here contended, that the reports of the special agents should not have been admitted as evidence, but it was, and is, also contended that if held admissible they, or certain of them, tend to sustain importer's contentions as to there having been sales in Belgium of, to quote from the affidavit introduced by the importer, "identical cloth as that sold and invoiced to Golding Bros. Co.", which sales, it is insisted, constituted transactions establishing a foreign value as that term is defined by the statute.

The opinion of Judge Kincheloe shows an analysis and weighing by him of the testimony introduced by both parties. His opinion discloses that he did not regard the affidavit introduced by the importer as being sufficient in itself to establish foreign value, nor did he regard the evidence contained in the reports of special agents as being sufficient to establish it, either alone or when taken in connection with the evidence presented by importer. It was held by Judge Kincheloe that certain statements which one of the special

agents reported were made to him (the agent) by importer's witness, Bekaert, were inconsistent with statements in the Bekaert affidavit, and also that statements made by Bekaert to the different agents, as shown by their reports, were inconsistent with each other.

In other words, the single judge, sitting in reappraisement, evidently treating the documents introduced by the respective parties as admissible, notwithstanding the objections made thereto, after analyzing and considering same, and after reciting the burden resting upon the importer, concluded that there had been a failure, taking the record as a whole, to establish a foreign value. Hence he held "that the dutiable value of the involved merchandise at the time of the importation thereof was the appraised value."

We have found it necessary, or at least quite desirable, to here dwell upon the opinion of the single judge, although the appeal to us is from the judgment of the division, because of the somewhat unusual situation created by the respective opinions of the judges of the division. Each of the judges of the division wrote an opinion, that of Judge Brown being a dissent.

Judge McClelland, author of the first of the two opinions, sustaining the judgment of Judge Kincheloe, seems to have reached his conclusion without passing upon the special agents' reports, but as a result of holding that the invoices attached to the affidavit of importer's witness fail to show that the merchandise sold by the exporting firm to certain parties in Belgium is "identical with the merchandise" imported. That part of his opinion, which refers to the reports of the special agents introduced by the Government, among other things, says:

The material parts of the statements of the agents making these reports are at variance with the statements contained in the Bekaert affidavit, but I deem it unnecessary to determine the comparative weight to be given to the statements in the affidavit and the apparent contradictory statements embodied in the reports of the Government representatives since the Bekaert affidavit fails to show satisfactorily that the merchandise covered by the invoices attached thereto was identical with the merchandise here in issue.

The opinion of Judge McClelland then continues:

The burden rested upon the importer appealing from the appraised values of establishing that there was either a foreign or an export value for the merchandise in question. That it utterly failed to do, and upon the record as it was finally made Judge Kincheloe was justified in sustaining the appraised values on the theory that they were presumptively correct, and his decision is therefore affirmed.

The concurring opinion of Judge Sullivan does not disclose what evidence he considered, but merely states his conclusion. It reads:

I concur in the conclusion of Judge McClelland, as I am satisfied there was not a foreign market for this merchandise in Belgium, and that it was not sold in the domestic market in the ordinary course of trade.

Judge Brown was of opinion that a foreign value had been proven and that the judgment of the single judge, sitting in reappraisement, should have been reversed.

The difference between the power committed by the Congress to a division of the United States Customs Court in reappraisement proceedings and that committed to this court is quite marked and must always be borne in mind. The division's authority in reviewing a decision of the single judge, sitting in reappraisement, is much broader than is ours in reviewing a decision of the division, in that the division is required to pass upon both questions of law and questions of fact, while appeals to this court in reappraisement proceedings may be taken "upon a question or questions of law only."

The statute provides that the division after reviewing a decision of the single judge "shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor."

In the instant case the conclusion of the majority of the judges of the Appellate Division of the United States Customs Court is, in effect, a negative one, viz, that no foreign value was satisfactorily proven, and we realize the difficulty attendant, in some instances, upon an effort to state findings of fact in support of a negative. Nevertheless, the statute prescribes findings of fact by both the single judge and the Appellate Division.

The case is rendered complex for this court by the apparent differences of opinion existing among the judges of the Appellate Division as to the facts, and the failure of the majority specifically to state all facts found either affirmatively or negatively. It seems obvious that even the two judges of that division who concurred in sustaining the decision of the single judge, were not in complete agreement upon the reasons for so doing, and neither of their respective opinions makes a full statement as to what evidence was reviewed and weighed. That they treated both the affidavit of Bekaert and the reports of the special agents as being competent seems to be a natural inference, but the opinion of Judge McClelland indicates quite clearly, we think, that he did not give consideration to the contention relative to foreign value being shown by the reports of the special agents either independent of or in connection with the evidence introduced by the importer, but determined the issue solely upon the finding that—

the Bekaert affidavit fails to show satisfactorily that the merchandise covered by the invoices attached thereto was identical with the merchandise here in issue.

It is true that Judge McClelland's opinion does state, in the concluding portion thereof, that Judge Kincheloe was justified in sustaining the appraised values "upon the record as it was finally made,"

which would indicate a consideration by him of the entire record, were it not for the earlier statement that it was deemed—

unnecessary to determine the comparative weight to be given to the statements in the affidavit and the apparent contradictory statements embodied in the reports of the Government representatives  *  *  *.

The clear implication of Judge McClelland's opinion would seem to be that if the evidence presented by the importer was not of itself sufficient to establish foreign value there existed no occasion for considering and weighing the evidence introduced by the Government.

This, we think, is error.   There was no motion by the Government to dismiss the appeal to the single judge at the conclusion of importer's presentation of evidence.   Had such been the case, the situation would have been different.   But the Government elected to introduce evidence on its own behalf.   If there be contained therein competent evidence beneficial to the importer, we think importer is entitled to have the same considered and weighed along with all the evidence in the case.   The burden obviously rested upon the importer of overcoming the presumption of correctness attaching to the appraiser's appraisement, but we know of no rule which precludes the right of one of the parties to have any benefit that may be derived from evidence introduced by the opposite party weighed and construed as in ordinary judicial procedure.   *Vide United States* v. *F. Vietor & Achelis*, 16 Ct. Cust. Appls. 122, 124, T.D. 42767.

The opinion of Judge Kincheloe shows that he did consider and weigh such evidence.   The dissenting opinion of Judge Brown upon the appeal shows that he did also.   But Judge McClelland expressly held it to be unnecessary and Judge Sullivan does not indicate whether this received his consideration or not.

In the case of *United States* v. *Baldwin Universal Co.*, 18 C.C.P.A. (Customs) 394, T.D. 44641, this court said:

It is elementary that in reappraisement cases this court has no authority to pass on the weight of evidence, but is limited to the consideration of questions of law only.

It is likewise well established that it is the duty of the Customs Court, upon appeal from a judgment of a single judge sitting in reappraisement, to pass upon the appraisement made by the single judge and determine whether such appraisement was made in accordance with the weight of the evidence.   *May Co. et al.* v. *United States*, 17 C.C.P.A. (Customs) 190, T.D. 43644.

If the lower court performs this duty, and if its judgment, after weighing the competent evidence in the case, is supported by any substantial evidence, it must be affirmed.   *United States* v. *Iwai & Co. (Ltd.) et al.*, 16 Ct. Cust. Appls. 542, T.D. 43265.

From the foregoing it follows, we think, that the parties to a reappraisement proceeding are entitled to have all competent evidence introduced upon the trial weighed and considered by the single judge sitting in reappraisement and by the Customs Court upon appeal from a judgment entered by the single judge.

It is our conclusion in the instant case that, for the reasons indicated, the appeal from the single judge should be reheard, to the end that there may be a consideration and weighing of all the competent evidence in the case, and a statement of findings of fact in conformity with the statute.

Such was our holding in the *Baldwin Universal Co.* case, *supra*, and such will be our holding here.

Accordingly, the judgment of the United States Customs Court is *reversed* and the cause *remanded* for a rehearing.